## CHARLES CLOSE v. THE LAKE SHORE & MICHIGAN SOUTHERN RAILWAY COMPANY.

*Negligence—Railroad companies—Construction of highway—Speed of train—Jury viewing premises.*

1. In this case the plaintiff recovered a judgment for damages sustained, as claimed, by reason of defendant's negligence in obstructing a highway with its cars upon its side tracks, and in running its train at too high a rate of speed across said highway.

2. SHERWOOD, C. J., filed an opinion favoring a reversal, in which MORSE, J., concurred, and LONG, J., concurred in the result. The following propositions are summarized from said opinion:

   *a*—The jury are to be governed by the testimony given in open court, where the parties may have an opportunity to test its credibility and correctness by examination, under well-established rules of testimony.

   *b*—The object in allowing a jury to view premises is not to furnish evidence upon which they are to give their verdict, but that they may better understand and apply the evidence given in open court in determining the issue presented.

   *c*—When the Court has no means of determining that the

rejection of relevant and competent testimony was *not* harmful error, it must hold that its rejection was error.

d—Where the testimony of the plaintiff tended to show that a railroad company ran its train over a highway crossing where the injury complained of occurred at a high rate of speed, and some of the defendant's witnesses testified that the rate of speed was the same as it had been during the previous ten days, plaintiff may show in rebuttal *what* the rate was during the ten days, and that it was at a high rate during all of that time.

e—A railroad company has no right to make storage ground of the highway for its freight cars, and thereby increase the danger upon the crossing, without giving in some manner notice thereof, and furnishing additional warnings.

3. CAMPBELL, J., filed an affirmative opinion, concurred in by CHAMPLIN, J., holding:

a—It cannot be held as a matter of law that freight cars cannot be placed any where on the premises which belong to a railroad company; and it cannot be held that in all cases, and without regard to circumstances, trains must be run at any particular rate of speed not fixed by law or regulation. The precautions must be proportioned to the circumstances, and are not limited by fixed legal regulations, but must go beyond those, if necessary.

Error to Allegan. (Arnold, J.) Argued October 25 and 26, 1888. Decided February 8, 1889.

Case. Plaintiff brings error. Reversed. The facts are stated in the opinion.

*J. V. Rogers* and *Osborn & Mills,* for appellant, contended:

1. A view is allowed to enable a jury to understand the evidence, not to make witnesses of themselves; citing *Close v. Samm,* 27 Iowa, 503; *Wright v. Carpenter,* 49 Cal. 609; *Brakken v. Railway Co.,* 29 Minn. 41; *Neilson v. Railway Co.,* 58 Wis. 516.

2. It was negligence on the part of the defendant to leave its empty cars upon its side track in the manner claimed by plaintiff, and his right to recover did not depend simply upon the want of negligence upon his part and proof that the defendant was running at too high a rate of speed; citing *Kissenger v. Railroad Co.,* 56 N. Y. 538; *Guggenheim v. Railroad Co.,* 66 Mich. 150; *Railroad Co. v. Hillmer,* 72 Ill. 235; *Reed v. Railway Co.,* 74 Iowa, 188.

*Dallas Boudeman,* for defendant:

1. The opinion of the witness Scott, as to whose negligence caused the accident, was inadmissible in favor of or against either party; citing *Railroad Co. v. O'Brien,* 119 U. S. 99; *Williamson v. Railroad Co.,* 144 Mass. 148; *Woods v. Banks,* 14 N. H. 101.

2. A plaintiff cannot put in testimony of any kind or character, and then object to rebutting testimony of the same character, even though if such rebutting testimony had been given as direct testimony it might have been ruled out as improper; citing *Havis v. Taylor,* 13 Ala. 324; *Blossom v. Barrett,* 37 N. Y. 434, 438; *Comstock v. Smith,* 20 Mich. 346, 347; *Woolston v Smead,* 42 Id. 54; *Hale v. Philbrick,* 47 Ia. 217; *Waldron v. Romaine,* 22 N. Y. 368, 371; *Scattergood v. Wood,* 79 Id. 263.

3. If the crossing or plaintiff's view or hearing were obstructed, it devolved upon him to use more than ordinary precaution before he could make the defendant liable for damages. The proofs show the most gross negligence upon his part, and the court should have instructed the jury that he could not recover in this case; citing *Railroad Co. v. Miller,* 25 Mich. 274; *Haas v. Railroad Co.,* 47 Id. 407; *Steves v. Railroad Co.,* 18 N. Y. 422; *Artz v. Railroad Co.,* 34 Ia. 153, *Havens v. Railway Co.,* 41 N. Y. 296; *Railroad Co. v. Still,* 19 Ill. 499; *Railroad Co. v. Gretzner,* 46 Id. 74; *Allyn v. Railroad Co.,* 105 Mass. 77; *State v. Railroad Co.,* 76 Me. 357; *Railroad Co. v. Beale,* 73 Penn. St. 504; *Haines v. Railroad Co.,* 41 Ia. 227; *Railroad Co. v. Heileman,* 49 Penn. St. 60; *Benton v. Railroad Co.,* 42 Ia. 192; *Railway Co. v. Hunter,* 33 Ind. 356, 365; *Railway Co. v. Hatch,* 79 Ill. 137; *Railroad Co. v. Harwood,* 80 Id. 88.

SHERWOOD, C. J. The plaintiff in this case seeks to recover against the defendant for personal injuries claimed to have been received by him while attempting to cross the defendant's track on Broad street, in the village of Plainwell, in the county of Allegan, on September 6, 1886. It is his claim that, then and there, without any fault on his part, he was struck, while attempting to make the crossing with his horse and wagon, by an engine of the defendant running at a very high rate of speed, thrown from his wagon upon the ground, and seriously injured, and his wagon completely destroyed; that

such injury to his person and destruction of his property was occasioned entirely by the negligence of the defendant and its employés.

There was a side track on defendant's road at this crossing, and the defendant's depot was not far distant. The grounds in the locality are comparatively level. The Grand Rapids & Indiana Railroad also crosses the defendant's road, not far from the place where the injury occurred. The street which the plaintiff was traveling, where defendant's road crosses it, was 80 feet wide. Beside the defendant's main track upon which the train was passing, and on the south-west side thereof, was its side track. This was filled with box cars on either side of Broad street, leaving an open space on the street of only 30 or 32 feet between, on which teams could pass, thus obstructing the street on either side of this passage from 24 to 25 feet, and, as the train was passing, the evening the accident occurred, from the south-east, there were buildings and other structures, which are claimed to have prevented a view of the train as it approached the crossing. It is the negligence of the defendant in thus obstructing the highway with its cars upon its side track, and running its train at so high a rate of speed across this highway, that the plaintiff relies upon for a recovery. The case was tried before a jury in the Allegan circuit, and the defendant obtained a verdict. Plaintiff brings error.

The errors assigned upon rulings in taking the testimony will be first noticed. S. G. Scott was sworn for defendant, and testified that he saw the accident when it occurred, and gave somewhat the details of what occurred. He was asked, on cross-examination, if he (witness) gave his opinion at the time that the company was careless in leaving the cars where it did, and if he did not say to plaintiff it was carelessness. This was objected to as

incompetent and irrelevant, and the testimony was rightly ruled out for that reason.

The station agent of the Lake Shore road stated upon the stand that he had looked and listened when cars were passing at the place where plaintiff testified he did not hear or see the train as he approached the track when injured. He was then asked what was his observation with reference to the coming train, which was objected to as immaterial. He also testified that he had arranged the cars as they were when the plaintiff came upon the track for the purpose of having them and the situation photographed, and was asked, "About how long ago was that?" which was also objected to as immaterial. We see no objection, or ground for objection, to either of these questions, nor to any others relating to the photographs, nor to the taking of them, nor to taking the jury to Plainwell to view the premises, nor to the discussion had before the court about the matter in presence of the jury. The testimony relating to the photographs, and the photographs taken, were ruled out of the case by the circuit judge upon the trial afterwards, so that no harm could come from the ruling if wrong.

There was some testimony offered by the plaintiff in rebuttal when witness Finch was upon the stand, and which was excluded by the court, which it is more difficult to dispose of. It appears from the record that up to this time the defendant had offered testimony as to the situation of the premises at the time plaintiff was injured, including the situation and number of the cars upon the side track, and that upon its motion a view of the premises by the jury had been ordered and taken; that the night before, and at the time the jury were there, cars had been placed upon the side track, with a view undoubtedly of representing the true situation as it was when the accident occurred. The plaintiff asked the

witness (with a view of showing that the cars were not the same, and that their situation was different from what it was at the time of the accident): "State if you noticed any freight cars upon the side track there." The witness was the officer who accompanied the jury to the place where the view was taken. The fact then endeavored to be shown was the distance of the freight cars from the street, and defendant objected to the testimony as irrelevant and immaterial. The changed situation was certainly competent to be shown then, if at all. It did not exist when plaintiff was making out his main case, and was therefore in its character rebutting. Counsel for defendant insisted that the distance of the cars from the street was within the observation of the jury. There is no evidence, however, that they took any notice of this distance at all, or that their attention was challenged to it at the time they took their view. Whether this was so or not can make but little difference, as the jury are to be governed by the testimony given in the case in open court, where the parties may have an opportunity to test its credibility and correctness by examination, under well-established rules of testimony. The object in allowing the jury to take a view of the place where the accident occurred was not to furnish evidence upon which they were to give their verdict, but that they might better understand and apply the evidence given in open court in determining the issues presented. *Chute v. State*, 19 Minn. 271, 281; *Brakken v. Railway Co.*, 29 Id. 41 (11 N. W. Rep. 124); *Close v. Samm*, 27 Iowa, 503; *Wright v. Carpenter*, 49 Cal. 609.

In this same connection may be very properly noticed the ruling of the court in rejecting the testimony of the plaintiff offered to be given by him in answer to the following question:

"Could you see them [meaning the cars in the train,

as he afterwards noticed them at the point where he stopped and listened just before he was hurt] coming down from where you stopped to listen when they were coming down there this side of the target?"

Objected to as irrelevant, immaterial, and incompetent. The objection was sustained. We are inclined to think this testimony was competent. It was an item competent in making up his experience as to his ability to have seen the train which injured him in time to have avoided it. This was both relevant and competent, and its rejection might have been harmful error. At any rate, we have no means of determining that it was not, and in such case our duty is plain, and we must hold it was error to reject the testimony.

The plaintiff gave testimony tending to show that defendant ran its train over the crossing where the injury occurred at a high rate of speed. Some of defendant's witnesses testified that it ran at a very low rate of speed, and others of defendant's witnesses testified that the rate of speed was the same as it had been during the previous 10 days when making the crossing. Plaintiff, in rebuttal, offered to prove what such rate was during the previous 10 days, and that it was at a high rate during all that time. This was competent rebutting testimony. It certainly tended to show, at least, that defendant's witnesses who testified to a low rate were mistaken. The rate of speed at which the crossing was made was certainly a material question in the case. *Klanowski v. Railway Co.*, 57 Mich. 525 (24 N. W. Rep. 801).

One of the complaints plaintiff makes is that the defendant obstructed the highway at the crossing in such manner as to shut out the view and sound of the passing train, and for this reason he was not warned of the danger that overtook him, and his counsel asked the

court to give the jury the following instruction upon this point:

"That if they find from the evidence that on September 6, 1886, the plaintiff was driving his horse and wagon over Broad street, in the village of Plainwell, towards the Grand Rapids & Indiana depot, and was compelled to cross the track of the Lake Shore & Michigan Southern Railway in so doing, and that upon approaching that track he checked up his horse, and looked and listened for any train that might be traveling thereon, and used all reasonable care and caution before attempting to cross said track, in view of the situation of the crossing at the time, and the dangers surrounding it, and that he was unable to see or hear an approaching train because of the obstruction caused by the freight cars placed upon the side track adjacent thereto, and that under such circumstances, and in so attempting to cross said track, without fault on his part, he was struck and injured by defendant's train, he would be entitled to recover."

We see no objection to this request. It was not, however, given as requested. The court stated to the jury that these facts would show the plaintiff not guilty of contributory negligence, but we think they go further, and that under such circumstances, unexplained or modified, the plaintiff would be entitled to recover, and the court should have so charged. The railroad company had no right to make storage ground of the highway for its freight cars, and thereby increase the danger upon the crossing, without giving in some manner notice thereof, and furnishing additional warnings. Substantially this doctrine was laid down in *Klanowski v. Railway Co.*, 57 Mich. 525, and *Guggenheim v. Railway Co.*, Id. 488 (24 N. W. Rep. 827), and I have no doubt of the correctness of the views therein expressed, and therefore think the court should have given the plaintiff's eleventh request, as follows:

"That the defendant company had no legal right to block up the view of its track at the Broad-street cross-

ing, by leaving freight cars standing upon the side track adjacent thereto, and it cannot, if such freight cars did obstruct such view, and rendered such crossing more dangerous to travelers having occasion to pass over it, excuse any want of extra care it may have been guilty of to guard against accident by any claim that no statute law is violated by so doing which required any additional warning because of such cars being so left in the way of the traveler's sight; for the law imposes the duty of extra watchfulness without statute, both upon the company and the traveler in the highway in such cases."

This was not given; neither do we find the substance of it given in the charge.

For the errors herein referred to the judgment should be reversed, and a new trial granted.

Morse, J., concurred with Sherwood, C. J.

Long, J. I concur in the result.

Campbell, J., (*dissenting*). There are only two allegations of failure of duty in this case,—one is that defendant was bound to keep cars away from its side track for a reasonable distance from the crossing of the road where the accident happened; the other is that defendant should not run its cars at that place at a high rate of speed. It is not averred in the declaration that any cars were on the crossing, or obstructed it. The effect complained of was that the cars on the side track obstructed the view of cars approaching from one side, and this would not be the case with those immediately at or in the highway, and no such point is made in the declaration. The whole dispute is within a very narrow compass.

There is nothing which needs consideration in the rulings on testimony and other interlocutory proceedings. The only real questions are upon the submission of the cause to the jury. The charges asked were in close

accord with the two grounds in the declaration. The charges given laid down rules requiring some duties not asserted in the declaration, and not alleged to have been violated. The accident happened near the depot at Plainwell station, not very far away from the Grand Rapids & Indiana crossing. The road called "Broad Street" is crossed by defendant's railroad with a main track, and a side track near by. On this side track freight cars stood, which extended a little way over the highway line, but not to the traveled way; and, as already stated, nothing in the declaration makes any point on this proximity to the wagon road, except that the cars should be kept, not only away from that, but away from so much of defendant's own premises as approach it within what the declaration calls a reasonable distance. Plaintiff, in broad daylight, and about 5 o'clock in the afternoon of September 6, or nearly an hour and a half before sunset, was in a single wagon, taking several boxes of celery to the cars for shipment. He had been familiar with the surroundings for a long time, and in the season made these shipments, as he states, in person, as often as once or twice a week. As his testimony states, he had a horse a little above medium weight, and rather slow in his gait, and went on a trot along the plank-road, of which the track was 14 feet wide, until he got, as he says, within about a rod from the side track, when he checked the horse to a walk, and looked and listened, but noticed nothing. The nearest car was a few feet from the wagon track. As the horse's head got beyond the side track, he saw the train within a very short distance, and sprang and got across ahead of it, but the wagon was struck, and broken badly, and plaintiff thrown several feet, and hurt. He was not conscious at the time of any very serious injury, and after he was up again he testifies to making a series of measurements of

distances of cars and other objects at the place of the accident. The cars were on usual time, and he said he supposed they were coming about that time, and looked down Bridge street to see if they were in sight, but did not discover them. There is no charge and no claim that they failed to ring the bell and blow the whistle properly, and there is nothing to indicate any unusual speed, which seems to have impressed the jury to that effect. There was therefore a very plain question of contributory negligence, which was not laid before the jury in any way prejudicial to the plaintiff, or seriously complained of, and the further question of defendant's negligence.

The directions asked for by plaintiff were open to the double objection that they asked the court to hold defendant responsible, without regard to negligence, from the mere fact that the side-tracked cars obstructed the view, and prevented plaintiff from seeing the train. The first charge asked does not even involve the condition that the plaintiff did not in fact hear the train, and did not negative the use of other adequate precautions. The third, in like manner, entirely omitted the element of defendant's negligence. The tenth, which asserted the duty of defendant to use extra precautions, was not only not supported by any allegation in the declaration, but was given in the court's charge with much fullness and precision, in quite as strong a way as plaintiff could ask. The eleventh is similar. The thirteenth, on the subject of the plaintiff's duty, was practically, upon his testimony, a charge that he did all he was required to do. This was properly and fairly left to the jury by the general charge. In that charge the court told the jury, over and over, and very explicitly, that if the placing of the freight cars or running of the cars at the speed used involved

73 MICH.—42.

any more than usual risk, or any risk, it was defendant's duty to use additional precautions adequate to the risk ·involved. The whole charge was favorable to plaintiff if he had any reasonable cause of action, and, if it erred in any direction, it was not against the plaintiff. Whether the jury found the plaintiff negligent, or the defendant not negligent, or both, does not appear. But the charge was remarkably clear, and entirely fair to plaintiff.

It cannot be held as matter of law that freight cars cannot be placed anywhere on the premises which belong to a railroad company; and it cannot be held that in all cases, and without regard to circumstances, trains must be run at any particular rate of speed not fixed by law or regulation. The court laid down the only admissible condition that the precautions must be proportioned to the circumstances, and held that these were not limited by fixed legal regulations, but must go beyond those, if necessary. Whether in the present case the rules laid down were not more sweeping than the pleadings and proofs called for, we need not inquire, for the jury found for defendant.

I think the judgment should be affirmed.

CHAMPLIN, J., concurred with CAMPBELL, J.