PEOPLE v. HARRIGAN.

1. HOMICIDE — CRIMINAL LAW — INFORMATION—EVIDENCE—CONVICTION UNDER ONE COUNT ACQUITS UNDER OTHERS.

    In a prosecution for involuntary manslaughter under 1 Comp. Laws 1915, § 4817, where the information charged defendant with the killing of a man, under the first count, while driving an automobile at the reckless and dangerous rate of speed of 35 miles an hour, under the second count, while driving an automobile while intoxicated, and under the third count while approaching and traversing a certain bridge and deep descent without having his automobile under control, and the issues under all three counts were submitted to the jury, the result of the finding of defendant guilty under the third count was to acquit him of the charges in the first and second.

2. SAME—INFORMATION—EVIDENCE—VARIANCE.

    Where there was no evidence of either a bridge or a steep descent at the place of the killing, there was a fatal variance between the information and the proofs.

3. SAME—EFFECT OF ACQUITTAL UNDER CERTAIN COUNTS.

    The acquittal under the first and second counts sheared the third count of every essential element of the crimes charged in the first and second counts, and prevented a verdict of guilty for criminal recklessness in driving unless while approaching or traversing a steep descent.

4. SAME—EVIDENCE—SUFFICIENCY.

    Testimony *held*, to completely negative the charge that defendant, at the place of the killing, was approaching or traversing a steep descent, and therefore his conviction was error.

5. SAME—EVIDENCE—JURY'S VIEW OF LOCUS IN QUO NOT TO SUPPLY EVIDENCE.

    A view of the *locus in quo* by the jury is to permit them to better understand the evidence offered and not to supply evidence; and, therefore, a conviction contrary to the evidence offered by the prosecution is not authorized thereby.

6. SAME—NEW TRIAL—EVIDENCE—SUFFICIENCY.

    Where defendant's conviction was contrary to the evidence, his motion for a new trial should have been granted.

7. SAME—PREJUDICIAL ERROR—MISCARRIAGE OF JUSTICE.

    Defendant's conviction contrary to the evidence was so prejudicial to his rights that the conviction cannot be saved under 3 Comp. Laws 1915, § 14565, providing that no case shall be reversed for error unless resulting in a miscarriage of justice.

Error to recorder's court of Detroit; Heston (William M.), J. Submitted January 17, 1922. (Docket No. 169.) Decided March 31, 1922.

John Harrigan was convicted of involuntary manslaughter, and sentenced to imprisonment for not less than 5 nor more than 15 years in the State prison at Jackson. Reversed.

*Chawke & Sloan*, for appellant.

*Paul W. Voorhies*, Prosecuting Attorney, and *Edwin S. Bartlett* and *Robert M. Toms*, Assistants Prosecuting Attorney, for the people.

WIEST, J.    Defendant was convicted of the crime of involuntary manslaughter, and brings the case here by writ of error.    It is claimed by the prosecution that, on the 25th day of February, 1921, several workmen were repairing a street railway track on Fourteenth avenue in the city of Detroit, working near the center of the street, a little over 100 feet north of a viaduct, when the defendant, driving his automobile north on the street, in broad daylight, at a speed of upwards of 30 miles an hour, ran into the workmen and knocked them down like "nine pins," killed one and, without lessening his pace, drove on.    The information filed against defendant contained three counts; the first charged him with criminal recklessness in driving his automobile at the dangerous rate of 35 miles per hour upon Fourteenth avenue in the city of Detroit, etc., and as a consequence he killed one Kosta Kiroff; the second charged him with driving his automobile while intoxicated, and the third with approaching and traversing a certain bridge and steep descent without having his automobile under control, and without regard to the traffic and safety of persons on the street.    We have stated only the substance of the charges.    The issues were submitted to the jury on all three counts, and defendant was found guilty under the third count.    The result, therefore, of the verdict was to acquit defendant of the charges in the first and second counts.

A motion for a new trial was made in which defendant alleged the verdict was against the weight of the evidence,

"because there was and is no bridge or steep descent on Fourteenth avenue near Kirby avenue, where the injuries to Kosta Kiroff were sustained, which the defendant could have approached or traversed within the meaning of the statute, as pleaded in the third count of the information and of which the defendant was found guilty."

This motion was denied and an exception duly entered.

Counsel for defendant contend there was no evidence from which the jury could find the defendant was approaching and traversing a bridge or steep descent, and the only testimony given upon the trial shows there was no bridge and defendant was driving his automobile up a slight grade. There was no testimony showing a bridge and the testimony relating to the grade of the street was extremely meager.

The statute, section 4817, 1 Comp. Laws 1915, so far as it relates to the third count, provides:

"Upon approaching an intersecting highway, a bridge, dam, sharp curve or steep descent, and also in traversing such intersecting highway, bridge, dam, curve or descent, a person operating a motor vehicle shall have it under control and operate it at such speed as is reasonable and proper, having regard to the traffic then on such highway and the safety of the public."

The statute means just what it says about approaching or traversing a *steep descent*, and the pleader, judging from the third count, clearly understood its meaning, for he pleaded the exact language of the statute.

There was a fatal variance between the third count and the proofs. If there was no steep descent in the street then defendant has been convicted where he should have been acquitted, and if he was guilty of criminal recklessness, as charged in the first count, then he has been acquitted where he should have been found guilty. The acquittal under the first and second counts sheared the third count of every essential element of the crimes charged in the first and second counts, and prevented a verdict of guilty for criminal recklessness in driving, unless he did so while approaching or traversing a steep descent.

Counsel for the people evidently overlook the fact

that defendant was acquitted by the verdict of the jury of the charge made in the first count, for they say in their brief:

"It is our contention that whether or not there was any bridge or steep descent this defendant is charged to have operated an automobile on Fourteenth avenue in the city of Detroit at an unreasonable and improper rate of speed and without regard to the traffic then and there on said highway and street and without regard to the safety of the public and persons then and there on said highway and street, contrary to the provisions of section 4817 of the Compiled Laws of the State of Michigan for the year 1915.   And if the defendant so operated a motor car in violation of the law and without regard to the rights of others he would be guilty under the third count of this information even though there was no bridge or steep descent. Mere operation of an automobile without regard to traffic and the rights of others on the highway is forbidden by the statute referred to in the information, and the language used in the third count of the information is the language of the statute, so that it is our contention that that element is not a necessary element in the proof of this case."

All here said relates directly to the charge in the first count and of this defendant stands acquitted.

Counsel also say:

"But we need not stop there because there is evidence to justify the charge (third count).   In finding that this element of the charge was proven in the testimony of Joe Sarri, he said, 'We were working on a kind of a hill,' and John F. Lewandowsky testified 'You understand I was when the accident occurred driving down the grade.   Just started down the grade.'   And this was directly after the respondent had passed the witness going as the witness says 25 or 30 miles an hour, a pace, which according to the testimony of the witness Thompson was increased rather than diminished as the defendant drove down through and under the viaduct.   Moreover the jury visited the scene of this accident and viewed the entire surroundings and saw just what the conditions

were.    And is this court going to say there was no evidence before this jury to establish a specific element which counsel for defendant says is absent from the proof of this offense?"

We will point out the fallacy of this argument.    It is true Joe Sarri, one of the workmen, testified, "we were working on a kind of a hill," and that is all he did say upon the matter here involved.    Perhaps it is unnecessary to say that this testimony does not show whether the "kind of a hill" was lower or higher than the street at the viaduct, and such testimony, without further explanation, did not warrant an inference that defendant was approaching or traversing a steep descent.    The testimony of Mr. Lewandowsky, quoted by counsel, shows on its face that the grade he was driving down was on the other side of the viaduct.

Stephen Walsh, a witness called by the people, testified:

"There is a considerable grade underneath the viaduct before you get to Kirby avenue, not directly under the viaduct, but I think starts from the viaduct and comes up to Kirby.    I don't know how far it is from Kirby avenue to the viaduct, it may be 200 feet or it may be more."

The place where the workmen were struck was between the viaduct and Kirby avenue, a little over 100 feet north of the viaduct.    This testimony of Mr. Walsh completely negatived the charge that defendant was approaching or traversing a steep descent, and was the only testimony in the case directly bearing upon the subject.    But it is claimed, as we understand the argument of counsel, the jury had a view of the *locus in quo* and had a right to consider such view in reaching a verdict.    No view by a jury can authorize a conviction contrary to evidence offered by the prosecution at the trial.    A view is permitted to enable the jury to better understand the evidence but

never to supply evidence, and especially not to support a verdict of guilty contrary to the only evidence offered by the prosecution at the trial. *Close* v. *Railway Co.,* 73 Mich. 647, 652.

In *Chute* v. *State,* 19 Minn. 271, 281, the court stated:

"We think the court below misconceived the proper purpose of a view by a jury. The view is not allowed for the purpose of furnishing evidence upon which a verdict is to be found, but for the purpose of enabling the jury better to understand and apply the evidence which is given in court.

"If this were not so, then in every case of a view it would be impossible to determine whether the verdict was justified by the evidence or not, since whatever the jurors might see upon the view could not be presented in a case reporting the testimony.  *  *  * Besides this, the parties have, for the most obvious reasons, a right to know just what evidence is submitted; but this cannot be if every juror is to be permitted to look up facts on his own account."

See, also, *Schultz* v. *Bower,* 57 Minn. 493 (59 N. W. 631, 47 Am. St. Rep. 630).

Upon this point we do not consider the affidavit of the grade separation engineer of the city of Detroit, filed with the motion for new trial, and showing a slight rise in grade from the viaduct to the place of the accident. Defendant's motion for a new trial should have been granted.

Upon this record we must reverse the case; the submission of the charge in the third count to the jury and defendant's conviction thereunder presents error so clear and so prejudicial to the rights of defendant that the conviction cannot be saved under section 14565, 3 Comp. Laws 1915.

Many errors are assigned to the admission and rejection of testimony and refusal of requests to charge. They have been examined and call for no comment

218 Mich.—16.

under the above holding beyond stating that none present reversible error.

For the reason pointed out the conviction is set aside and a new trial granted.

FELLOWS, C. J., and CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.

The late Justice STONE took no part in this decision.