PEOPLE *v.* WOODS.

CRIMINAL LAW—VIEW OF PREMISES—CHANGED CONDITIONS—TRIAL —INSTRUCTIONS.

> Where, in a prosecution for the illegal manufacture of whisky, the jury were permitted, against defendant's objection, to view the premises in December to determine whether a tent on defendant's farm, used for said illegal manufacture, was visible from his front yard in July, as claimed by the prosecution and denied by defendant, it was reversible error for the court to refuse to instruct the jury, as requested, that said view was only for the purpose of giving them a better understanding of the situation generally, and to help to apply the testimony and give it weight, but was for no other purpose.

Exceptions before judgment from Barry; Smith (Clement), J. Submitted April 17, 1924. (Docket No. 54.) Decided June 2, 1924.

Charles Woods was convicted of violating the liquor law.   Reversed.

*Philip T. Colgrove,* for appellant.

*Kim Sigler,* Prosecuting Attorney, and *John M. Gould,* Assistant Prosecuting Attorney, for the people.

McDonald, J.   The defendant was convicted under an information charging him with a violation of the liquor law.   The evidence shows that on the 19th day of July, 1922, officers found in the woods on the defendant's farm in Barry county a tent, in which there was a still and materials for the manufacture of moonshine whisky.   The business was being carried on by one Everett Brown of Battle Creek, and other men in his employ.   Brown and his men were arrested.   The defendant was arrested a month later.   He is charged as a principal.   It is not claimed that he, personally, actually engaged in the manufacture of the whisky, but that he permitted the others to do so on his farm; that he knew it was being manufactured there; that he assisted them in equipping the place by going to the tent on two occasions and driving a well which was used in connection with the business.   The defendant claimed that Brown and his employees were trespassers on his farm; that he had no knowledge that they were there engaged in violating the liquor law; that he never saw the tent and knew nothing about the illegal operations being there carried on until so informed by the officers.   The case is here on exceptions before sentence.

It is first argued by counsel for the defendant that there was prejudicial error in allowing the jury to visit the premises and instructing them as to the use which they might make of their view in considering the evidence.   It is claimed by the prosecution that the tent in which the moonshine was being manu-

factured was plainly visible from the yard of the defendant's home. The defendant denied this and claimed that he could not see the tent and did not see it until it was pointed out to him by the officers. It was an important fact as bearing upon the knowledge of the defendant. During the trial the prosecuting attorney requested that the jury should be allowed to visit the premises. Counsel for the defendant objected, remarking:

"The situation down there now is entirely different than it was on the 19th of last July, the leaves are now off the trees and the tent can be plainly seen from the road or house or anywhere around there, and a view of the premises down there now would only tend to prejudice the jury against the defendant."

The court, however, made the order fixing the time when the jury should be taken to the locality. Before the jury reached the premises the sheriff had caused the tent to be set up in the place where he claimed it was standing at the time it was being used in the illegal manufacture of liquor. When the jury arrived they were placed on the porch of defendant's house and there is evidence that the sheriff pointed out to them the tent and told them where it was on the 19th of July when the parties were arrested. It is certain that a very different picture was presented to the jury on the 5th of December than existed on the 19th of July. If, notwithstanding the changed conditions, it was proper to allow the jury to view the premises, the court should have carefully instructed them as to the use they could make of what they had seen. On this question counsel for the defendant proffered the following request to charge:

"I instruct you, gentlemen, that you were taken to the premises to visit the same only for the purpose of giving you a better understanding of the situation, as to where the buildings were situated, the fields, and generally as to distances and situations. You

are, however, to determine the issue in this case from the evidence given you on the witness stand, and from nothing else. A view of the premises may help you to apply the testimony and give it weight, but nothing else, and your going to the premises was for no other purpose."

This request was refused and was not covered in the charge as given. On the contrary the jury was instructed in part as follows:

"If you find from the testimony and view of the premises that the respondent knew of these illegal operations of the manufacture, keeping or the operation of this tent upon his premises he would be guilty as charged in this information, and if you so find your verdict should be guilty.    *    *    *

"You have had a view of the premises which covers Mr. Woods' home and farm, the location of the still and this with the proofs in the case, all the proof which you believe to be the truth, and decide the one supreme issue in this case which is this: Was the illegal manufacture of liquor on the farm done with his consent or knowledge?"

These instructions are not in harmony with the rule announced by this court in *People* v. *Harrigan*, 218 Mich. 235 The defendant was entitled to a reasonably clear and proper instruction as to the purpose of the jury's view of the premises. His counsel offered a request containing such an instruction. It should have been submitted. The charge as given relating to the view of the premises and the refusal to give the instruction requested constitutes error for which the conviction must be reversed.

We have examined the other questions presented by the record and in them find no reversible error.

The conviction is reversed and a new trial granted.

CLARK, C. J., and BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.