JOSEPHINE  LOSCOLZO,  d.  b.  a., *vs.*  LEWIS  EGGNER,  p.  b.  r.

*Landlord and Tenant—Repairs—Payment—Contract—Executor—*
*Occupancy of Premises—Statute—Payment of Debts*
*of Deceased—Set-off—Statute of Limitations.*

1.   When a person rents a property he takes it as it is, and unless the
landlord has agreed to make repairs, or agrees that the repairs shall be
made, or, having been made, promises to pay for them, the landlord is
not bound to pay for them.   If the landlord authorized the tenant to
make the repairs, or if he directed him to have them made, the law would
imply a promise to pay for them.

2.   The tenant cannot dispute his landlord's title.

3.   If the plaintiff, who lived in the premises during his father's
lifetime, and who became the executor of his father, and continued to live
there after his father's death, charged himself a fair amount for the use and
occupation of the premises, and applied that amount to the payment of
the debts of his father, he would not be liable to the devisee for the use and
occupation of the premises.   And, if the charge for use and occupation of
the premises was more than three years before the action was brought,
it is barred by the statute of limitations, and cannot be allowed as a set-off,

4.   But if the plaintiff occupied the premises as the tenant of the
defendant, and the charge therefor has not been paid, and is not barred
by the statute of limitations, it may be set-off against any amount found
to be due to the plaintiff.

(*February*  4,  1908.)

Judges SPRUANCE and BOYCE sitting.

*Edward W. Cooch* for d. b. a.

*Lilburne Chandler* for p. b. r.

Superior Court, New Castle County, January Term, 1908.

APPEAL (No. 89, November Term, 1907).

SPRUANCE, J., charging the jury:

Gentlemen of the jury:—This action was brought by the

plaintiff against the defendant to recover the amount of certain charges which are set down in a bill of particulars filed by the plaintiff. The limit of the plaintiff's claim is what is contained in the bill of particulars. The first item in said bill of particulars is a charge for cleaning, on April first, 1903. That charge would be barred by the statute of limitations, it being more than three years before the action was brought, which was August sixth, 1907, unless it comes within the following clause of our statute of limitations,—"If at the time when a cause of action accrues against any person, he shall be out of the State, the action may be commenced within the time herein limited therefor, after such person shall come into the State in such manner that, by reasonable diligence, he may be served with process."

*Revised Code, Chap.* 123, *Sec.* 14.

The evidence is that this defendant did reside out of the State when said cause of action accrued, but that she came into the State in the manner prescribed by the statute on the twenty-fourth of September, 1904. From that date until the time the action was brought was not three years. Therefore, the action as to this item is not barred by the statute of limitations.

The plaintiff claims that the charges in his bill of particulrs are for work and labor and money laid out in putting in repair a property belonging to the defendant, which he, the plaintiff, occupied as tenant under the defendant. The general rules of law is that a landlord is not bound to pay for repairs made by a tenant without his authority. When a man rents a property he takes it as it is, and unless the landlord has agreed to make repairs, or agrees that the repairs shall be made, or, having been made, promises to pay for them, the landlord is not bound to pay for them. It is claimed on the part of the plaintiff that the owner of these premises did agree to pay for the said repairs; that she authorized the plaintiff to make such repairs as might be necessary to put the property in proper condition. If the defendant did authorize the tenant to make the repairs, or if she directed the tenant to have them made, the law would imply a promise on her part to pay for them. But if they were made without her

authority, or direction, and without her promise to pay for them, she would not be bound to pay for them; and it would be merely a voluntary expenditure of money by the plaintiff.

You may put out of your minds all question as to the ownership of this property. The plaintiff testified that for a time at least he was tenant of these premises under the defendant; and he could not therefore dispute her title.

You have heard the testimony of the plaintiff and his wife as to what passed between the plaintiff and the defendant before these repairs were commenced; which was, substantially, that the tenant should go on and make them, leaving him considerable latitude as to the character of the repairs. You have also heard the testimony of the defendant in which she denies that she ever had any such conversation as testified to by the plaintiff, and his wife, and states that she gave no direction whatever as to repairs, but referred the plaintiff to her agent when he spoke of repairs. You have heard the testimony of the agent, in which he stated that he neither ordered or authorized any repairs. You are the judges of the evidence, and under the evidence you are to determine whether or not this defendant did undertake to pay for these repairs, or—what is the same thing—whether she authorized the tenant to make them at her expense. If she did, the law will imply a promise to pay for them when they had been made, and it would not employ the promise unless there was some direction of that kind on her part or on the part of her agent.

The defendant has pleaded a set-off. It appears from the evidence that the plaintiff, occupied the premises from about the time of the death of his father, on the seventeenth of July 1891, until about Christmas of the same year. The defendant, as devisee of the plaintiff's father, claims as a set-off the rental for the occupation of the premises during that time. In reply to this claim of the defendant, the plaintiff says that he was the executor of his father; that he lived in the premises during his father's lifetime, and continued to live there after his father died from the seventeenth of July until about Christmas 1901; that as

executor of his father, he charged himself with the use and occupation of the premises during said period, and carried that money into his father's estate and applied it to the payment of his father's debts. If this is true, the rent of the premises during said period cannot be set-off in this action. A statute of this State provides that "The rents and profits of the real estate of the deceased which shall come into the hands of the executor, or administrator, shall be assets for the payment of debts, and he shall be chargeable therewith accordingly; and upon a demand of the heir or devisee, for such rents and profits, it shall be a sufficient answer, that the same have been applied to debts against the deceased, or that there are such debts to which they are applicable. Nothing in this Section shall give the executor, or administrator, any right of possession of the real estate; but if he be in possession, he shall, with the rents and profits, keep the premises in tenable repair."

*Revised Code, Chap.* 89, *Sec.* 28.

If you are satisfied that the plaintiff was the executor of his father, and did charge himself a fair amount for the use and occupation during the period in 1901 in which he occupied the premises, and that he applied that amount to the payment of the debts of his father, he would not be liable to this defendant as devisee for the use and occupation of the premises.

The charge for use and occupation of the premises by the plaintiff during the latter part of the year 1901 was much more than three years before this action was brought, which was on August sixth, 1907, and it is barred by the statute of limitations. You should therefore not allow anything on account of this claim of set-off.

There is another item of set-off which is for a balance of rent of the premises from August eighth, 1904, to March twenty-fifth, 1906. The plaintiff denies that he occupied the premises so long as that, but says that he ceased to occupy the premises in May, 1905. You have heard the testimony of Mr. Stayton, the agent of the defendant, which is to the effect that the plaintiff did occupy the premises for the time claimed by the defendant;

that the rent agreed upon was seven dollars per month, and that the total amount of the rent for the time the plaintiff occupied the premises was one hundred and thirty-seven dollars and sixty-six cents. The defendant admits that she has been paid on account of that sum, one hundred and eighteen dollars and sixty-six cents, leaving a balance of nineteen dollars for rent unpaid for that period. If you find from the evidence that there is a balance of rent due for that period, you should set it off against any amount you may find to be due to the plaintiff.

If after deducting the amount due to the defendant, you find that there is a balance due to the plaintiff, your verdict should be for the plaintiff for that balance; but if you find that the amount due to the defendant exceeds the amount due to the plaintiff, your verdict should be for the defendant for such excess.

Verdict for defendant for $11.00.