JOHN W. MOORE vs. CHARLES E. ANDERSON and MELVIN F. ANDERSON, now or late trading as CHARLES E. ANDERSON AND SON, and ALFRED E. GREEN.

1. ADJOINING LANDOWNERS—LATERAL SUPPORT—RIGHT TO EXCAVATE.

An owner of land adjoining that upon which there is a building may lawfully excavate on his own land to his line, although endangering such structure.

2. ADJOINING LANDOWNERS—LATERAL SUPPORT—EXCAVATION—DUTY OF EXCAVATOR.

The right of a landowner to excavate to the line of his land, although thereby endangering buildings on the adjoining land, does not relieve him from taking reasonable precautions against injuring them, and it is his duty to excavate in an ordinarily skillful and careful manner; the measure of his duty being to use reasonable and ordinary care to prevent injury to the buildings.

3. ADJOINING LANDOWNERS—LATERAL SUPPORT—EXCAVATION—ORDINARY CARE.

What is the ordinary care and skill that a landowner must exercise in excavating to his line to avoid injury to buildings on the adjoining land depends on the circumstances of each particular case.

4. ADJOINING LANDOWNERS—LATERAL SUPPORT—EXCAVATION—DUTY OF EXCAVATOR—CONSTRUCTION OF ADJOINING BUILDINGS.

The obligation of a landowner, excavating to his line, to use ordinary care and skill to avoid injury to adjoining buildings, is not affected by any poor construction of such buildings, or their encroachment on the excavator's land.

5. ADJOINING LANDOWNERS—LATERAL SUPPORT—EXCAVATION—NOTICE.

The duty of a landowner intending to excavate to proceed with due care ordinarily requires that he should notify the adjoining landowner that the latter may protect his buildings from injury.

6. ADJOINING LANDOWNERS—LATERAL SUPPORT—EXCAVATING—FAILURE TO GIVE NOTICE.

Whether the failure of an excavating owner to notify an adjoining landowner of the work is a want of the ordinary care and prudence in doing the work is for the jury to determine from all the circumstances of each case.

7. ADJOINING LANDOWNERS—LATERAL SUPPORT—EXCAVATION—SCOPE OF NOTICE.

A landowner's notice to an adjoining owner that he intends to excavate should be sufficient to give full knowledge of the intended work in time and at a time to enable the adjoining owner to protect his property.

8. ADJOINING LANDOWNERS—LATERAL SUPPORT—EXCAVATION—FAILURE OF ADJOINING OWNER TO PROTECT BUILDINGS.

Where a landowner notifies an adjoining owner that he intends to excavate, and the latter fails to take proper precautions to protect his buildings, the excavating owner must nevertheless do his work in a reasonably careful and skillful manner, and for damages resulting to the adjoining building from any failure of reasonable care to do the work, the excavating owner is liable.

9. ADJOINING LANDOWNERS—LATERAL SUPPORT—EXCAVATION—INJURY TO BUILDING—BURDEN OF PROOF.

In an action against an excavating landowner by an adjoining owner for injury to his building, the burden of proof was on the plaintiff to satisfy the jury that the injuries complained of were caused by the excavation.

10. ADJOINING LANDOWNERS—LATERAL SUPPORT—EXCAVATION—FAILURE TO GIVE NOTICE—EVIDENCE OF NEGLIGENCE.

The failure of a landowner to give notice to an adjoining owner of his intention to excavate may be considered by the jury with all other facts and circumstances in determining whether the excavating owner did so, with due care.

11. ADJOINING LANDOWNERS—LATERAL SUPPORT—EXCAVATION—PRESUM-
ING NEGLIGENCE FROM INJURY TO ADJOINING BUILDING.

Negligence in excavating on the part of a landowner cannot be presumed
because the wall of an adjoining building cracked or slid, since negligence is
never presumed, but the burden to prove it rests on the plaintiff.

12. EVIDENCE—CONFLICTING TESTIMONY—RECONCILIATION.

Where the testimony in an action is conflicting, the jury should reconcile
it, and if unable to do so should accept as true that part of it which it deems
most worthy of credit, and reject the part deemed least worthy of credit,
having due regard to the opportunity and capacity of the witnesses to know
whereof they speak, and their apparent fairness or bias.

13. TRIAL—PROVINCE OF JURY—CREDIBILITY OF WITNESSES.

The jury are the sole judges of the credibility of witnesses and the value
of their testimony.

14. ADJOINING LANDOWNERS—LATERAL SUPPORT—EXCAVATING—DAMAGE
TO ADJOINING BUILDINGS—MEASURE OF DAMAGES.

In an action by a landowner for injury to his building caused by an
excavation on adjoining land, the measure of damages is the amount it would
have cost the plaintiff immediately after the injury occurred to restore his
building to as good condition as it was in before.

(*June* 1, 1915.)

Judges RICE and HEISEL sitting.

*Edmund S. Hellings* and *Robert G. Harman* for plaintiff.

*Armon D. Chaytor, Jr.,* for defendant.

Superior Court, New Castle County, May Term, 1915.

ACTION ON THE CASE (No. 66, September Term, 1914)
brought by John W. Moore against Charles E. Anderson and
Son, contractors, and Alfred E. Green, owner of adjoining prop-
erty of the plaintiff, to recover damages to latter's dwelling house
in the City of Wilmington, alleged to have been occasioned by
the defendants, in the months of March and April, 1914, by neg-
ligently, carelessly and without notice digging along and below
the foundation wall of the property of the plaintiff for the purpose
of erecting a structure thereon, without using proper care and
precaution to prevent injury to plaintiff's property, so that one
of the outer walls of his dwelling house slipped and settled, thereby
causing the damages complained of.

Further facts appear in the charge of the court.

HEISEL, J., charging the jury:

Gentlemen of the jury:—John W. Moore, the plaintiff in this action, was, during the month of March, 1914, and still is the owner of a property in this city known as 1303 Vandever Avenue, upon which is erected a six-room brick dwelling house.

One of the defendants, Alfred E. Green, was at the same time the owner of land adjoining the plaintiff's property on the west.

Plaintiff claims that the said Alfred E. Green and the other defendant during the months of March and April, 1914, while excavating upon the premises of the said Alfred E. Green for the purpose of erecting a structure thereon, negligently and carelessly and without notice to said plaintiff, dug along and below the foundation wall of the said property of the plaintiff, and did not use proper care and precaution to prevent injury to plaintiff's property; whereby one of the outer walls of his dwelling house slipped and settled, thereby causing great injury to the walls, floors, windows, doors, and other parts of said dwelling house, so as to render it unsafe and unfit for habitation, to the damage of the said plaintiff to the amount of fifteen hundred dollars.

Defendants claim that before making the excavation complained of, they notified the plaintiff that they intended to make the excavation immediately adjacent to the plaintiff's wall and to dig out the ground along and below the bed of the foundation of plaintiff's wall; that while making said excavation and building said adjoining wall they took the usual and necessary precaution against injuring the plaintiff's property, and did not injure his property; that plaintiff's wall did not slip because of the excavation made by defendants, and that the damage to plaintiff's property, if any, was caused by the foundation wall of his house resting upon an insecure bed, defective drainage and by reason of poor workmanship and materials in its construction.

What we have stated to you, gentlemen, are the contentions of the respective parties to this suit.

[1-4] An owner of land adjoining land upon which there is a building or other structure may lawfully excavate on his own land, and to the line of his land, although he endangers such

structure. This general right to excavate, however, does not relieve an owner of the excavated land from taking reasonable precautions against injuring the adjoining building, and it is his duty to proceed with the excavation in an ordinarily skillful and careful manner, but he is bound to use only reasonable and ordinary care to prevent injuring the building. What is ordinary care and skill in the excavating and attendant work, in each case, depends upon the circumstances of that particular case.

This obligation on the person excavating to use ordinary care and skill about his work, is not affected or relieved, by the fact, that the adjoining building was poorly constructed or that it encroached upon the excavator's land.

[5, 6] The duty of a landowner, who intends to excavate on his own land, to proceed with due care and caution, ordinarily requires that he should notify the adjoining landowner of his intention, and thus afford the latter an opportunity of protecting his buildings and structures from apprehended injury. However, whether the excavator's failure to give notice to the adjoining landowner of his intention to excavate, would be the want of ordinary care and prudence in and about his work of excavating, is for the jury to determine, from all the facts and circumstances of each particular case.

[7, 8] The notice should be sufficient to bring to him full knowledge of the intended excavation in time and at a time, to enable him to protect his property. If after such notice, the owner of the adjoining land neglects to take proper precaution for the protection of his building, the owner who has given the notice, is nevertheless bound to prosecute the excavation and attendant work in a reasonably careful and skillful manner, and if he does so, he is not liable for damages to the adjacent building; but he is so liable, notwithstanding such notice, if he thereafter conducts the excavating and attendant work in a careless and unskillful manner.

[9] In considering this case, gentlemen, you should first determine whether the injuries to the building complained of by the plaintiff, were caused by the excavation on the land of Alfred E. Green, one of the defendants, as alleged in plaintiff's declara-

Charge.

tion, or by some other cause. If you should not be satisfied from the preponderance or greater weight of the evidence that the injuries to the building complained of were caused by said excavation, but by some other means, then your verdict should be for the defendants,. and your consideration of the case would end there.

If, on the other hand, you should be satisfied from the preponderance or greater weight of the evidence, that the injuries complained of were caused by the excavation on Mr. Green's land, and are also satisfied that the excavating was not done by the defendants in an ordinarily careful and skillful manner, under the circumstances as proven in this case, then they would be guilty of negligence, and your verdict should be for the plaintiff.

[10] If you are satisfied from the evidence that the plaintiff was not notified of the intended excavating in time and at a time, for him to take proper precautions to protect his building from apprehended injury, you may take that into consideration, with all the other'facts and circumstances of the case, in determining whether they did prosecute the work with due care and caution.

If you should be satisfied plaintiff was notified of the intended excavating in time, and at a time, to allow him to take the necessary precautions to prevent injury to his building, and he did not take any such precautions, nevertheless, if you further believe, that the defendants, after giving such notice, did not do their work in an ordinarily careful and skillful manner, under all the conditions and circumstances of this case, and thereby caused the injuries to the building complained of, plaintiff would be entitled to recover.

If you should believe plaintiff's building was constructed of inferior materials and by poor workmanship, but also believe that defendants did not do the excavating and attendant work in an ordinarily careful and skillful manner, under the circumstances of this case, as you find them from the evidence, and thereby caused the injuries complained of, your verdict should be for the plaintiff.

This action is based upon the negligence of the defendants;

that is, their failure to use that degree of care and skill in the prosecution of their work of excavating, that, under all the circumstances of this case, you find would be used by an ordinarily prudent and careful person to prevent injuries to the adjoining property.

[11] Negligence is never presumed, but must be proven, and the burden of proving it rests upon the plaintiff. So in this case negligence cannot be presumed because the wall cracked or slid.

The defendants were not obliged to take such precautions in prosecuting their work as to prevent the possibility of injury, under all circumstances, to plaintiff's building, but were obliged to use such care and skill in their work as an ordinarily careful and prudent person would use under all the circumstances of this case.

[12, 13] Where, as in this case, the testimony is conflicting, you should reconcile it if you can, but if you cannot do so, you should accept as true that part of it which you deem most worthy of credit, and reject that part of it which you deem least worthy of credit, having due regard to the opportunity and capacity of the witnesses to know of that of which they speak, and their apparent fairness or bias. You are the sole judges of the credibility of the witnesses, and the value of their evidence. .

Your verdict should be for that party in whose favor is the preponderance or greater weight of the evidence.

[14] If your verdict should be for the plaintiff, you should award him such sum by way of damages as you may conclude from the evidence it would have cost the plaintiff, immediately after the injuries occurred, to restore his building to as good condition as it was before the excavation was made.

We also say to you, gentlemen, there has been no evidence to show that one of the defendants, Melvin F. Anderson, had anything whatever to do with the excavating, therefore should your verdict be in favor of the plaintiff, it should not be against him, but may be against the other two defendants.

                                        Verdict for defendants.