JOSEPH WIGGLESWORTH, p. b. a., *vs.* HARRY BRODSKY and JOHN FRANK OWENS, JR., d. b. r.

1. ADJOINING LANDOWNERS—NEGLIGENCE IN EXCAVATING NEAR PLAINTIFF'S HOUSE HELD FOR JURY.

In an action by plaintiff, whose house had settled, against an adjoining owner, who excavated his cellar, and the contractor doing the work, evidence *held* sufficient to go to the jury.

2. COURTS—ON APPEAL BY PLAINTIFF FROM COMMON PLEAS TO SUPERIOR COURT, CASE IS TRIED DE NOVO.

On appeal by plaintiff from the Court of Common Pleas to the Superior Court, the case is tried *de novo*, without regard to determination of lower court.

3. ADJOINING LANDOWNERS—NO PRESCRIPTIVE RIGHT TO SECURITY FROM EXCAVATION.

A property owner, whose house had been built more than 20 years, does not acquire by lapse of time a prescriptive right of security against excavation upon the adjoining land.

4. ADJOINING LANDOWNERS—IN EXCAVATING, OWNER MUST USE ORDINARY CARE.

An owner of land adjoining land upon which there is a building may lawfully excavate upon his own land, or deepen an existing cellar, although he endangers the structure; but it is his duty to proceed with the excavation in an ordinarily skillful and careful manner, and he is bound to use reasonable and ordinary care to prevent injuring the building depending on the circumstances.

5. ADJOINING LANDOWNERS—OWNER MAKING EXCAVATION SHOULD NOTIFY ADJOINING OWNER.

A landowner, who is about to make an excavation on his land adjacent to that on which there is a building, should notify the owner of the building of his intention.

6. ADJOINING LANDOWNERS—KNOWLEDGE OF OWNER OF ADJOINING BUILDING EXCUSES NOTICE OF INTENTION TO EXCAVATE.

Where a landowner making an excavation did not notify the owner of an adjoining building of his intention, the fact that the adjoining owner had knowledge of the excavation may be considered.

7. ADJOINING LANDOWNERS—NOTICE OF EXCAVATION DOES NOT EXCUSE WANT OF CARE.

Where a landowner makes excavations on property adjoining a building, notice sufficient to give the owner of the building full knowledge of the intended excavation, and at such a time as to enable him to protect his property, should be given; but even if the owner of the building takes no steps for his protection, the one making the excavation must proceed in a reasonably careful manner.

8. ADJOINING LANDOWNERS—FAILURE TO GIVE NOTICE CONSIDERED ON QUESTION OF ORDINARY CARE IN EXCAVATING.

The failure of a landowner to give notice to the owner of an adjoining building of an excavation may be considered on the question whether ordinary care and skill was exercised.

9. NEGLIGENCE—NO PRESUMPTION OF NEGLIGENCE.

Negligence is never presumed, but must be proven; the party asserting it having the burden.

10. EVIDENCE—PROVINCE OF JURY TO WEIGH EVIDENCE.

The jury should reconcile conflicting testimony, if possible, but, if not, should accept that which they deemed most worthy of credit.

11. ADJOINING LANDOWNERS—MEASURE OF DAMAGES FOR INJURY TO BUILDING FROM IMPROPER EXCAVATION STATED.

Where plaintiff's building was injured by reason of defendant's failure to exercise ordinary care and skill in excavating adjoining property, he is entitled to such a sum by way of damages as will compensate him for the injuries received, taking into consideration evidence as to the cost of repairing the injuries.

(*March* 11, 1920.)

BOYCE, J., sitting.

*David J. Reinhardt* for appellant.

*Horace G. Eastburn* for appellee.

Superior Court for New Castle County, March Term, 1920.

APPEAL, No. 87, May Term, 1919.

Action brought in the Court of Common Pleas by Joseph Wigglesworth against Harry Brodsky and John Frank Owens, Jr. Judgment for the defendants. Plaintiff appeals. Verdict for appellant.

Evidence was produced by the plaintiff below to show: That his house was located at 305 French street, in the city of Wilmington, and that one of the defendants below, Harry Brodsky, owned the adjoining house, 307 French street. That on or about July 1, 1917, the other defendant below, Owens, contractor for Brodsky, commenced digging down and under the cellar wall between plaintiff's and Brodsky's properties with the view of lowering Brodsky's cellar eighteen or twenty inches. That each of the defendants failed to give plaintiff notice of their intention to excavate. That as a result of the excavation, plaintiff's house settled, in December following, towards Brodsky's house, causing numerous cracks in the walls of plaintiff's house, greatly damaging the paper and the plaster on the walls, also the sagging of doors and griping of windows and other attendant injuries. That plaintiff's house was built in the year 1880, and that he and others

through whom he claimed had owned the property for more than thirty years.

When the plaintiff rested, counsel for the defendants moved for a nonsuit. The contention made in support of the motion was that the case is largely predicated on the theory that no notice was given to the plaintiff before making the excavation. That whether notice was or was not given, the burden of proof was on the plaintiff to show that the work was done in a negligent manner, which had not been shown. There is no evidence that the wall between the two properties had settled. If the wall did settle, some five months after the excavation was made, it has not been shown that it settled as the result of the excavation. The plaintiff must show that the work was not done in a proper manner. There is evidence that the plaintiff himself saw that dirt was being thrown out of the cellar and if he had knowledge that the excavation was being done it constituted sufficient notice to him.

BOYCE, J.:—[1] Under the evidence adduced, it is the opinion of the court, at this stage, that the case should be submitted to the jury. The motion for nonsuit is denied.

The defense was: That the plaintiff had notice of the excavation, as he had seen, on several different occasions, earth being thrown out of Brodsky's cellar. That the work was done in a workmanlike and careful manner. That the alleged injuries to plaintiff's property were not caused by the digging under the cellar wall. That no cracks or settlement had occurred in Brodsky's property as the result of the excavation.

Both plaintiff and defendant requested instructions to the jury as in *Moore v. Anderson*, 5 *Boyce* 479, 94 *Atl.* 771.

### SPECIAL PRAYERS FOR PLAINTIFF.

The requirement of notice to an adjoining owner before making excavation as in this case is a reasonable precaution in a populous city, where buildings are necessarily contiguous to each other, and improvements made by one proprietor, however skillfully conducted, may be attended with accidental and disastrous

results to his neighbors, who ought to have opportunity to protect themselves and their property; 1 *Cor. Jur.* 1217; *Krish v. Ford,* 43 *S. W.* 237, 19 *Ky. Law Rep.* 1167; *Bonaparte v. Wiseman,* 89 *Md.* 12, 42 *Atl.* 918, 44 *L. R. A.* 482; *Davis v. Summerfield,* 131 *N. C.* 352, 42 *S. E.* 818, 63 *L. R. A.* 492, 92 *Am. St. Rep.* 781; *Gerst v. St. Louis,* 185 *Mo.* 191-209, 84 *S. W.* 34, 105 *Am. St. Rep.* 580; *Thomp. on Neg.* § 1109; *Walker v. Strosnider,* 67 *W. Va.* 39, 67 *S. E.* 1087, 21 *Ann. Cas.* 1, 22, 23 *(note).*

Where a right to lateral support for buildings has been acquired, it stands on the same footing as the right to support for land in its natural state, and one who, by excavation on his own land, removes such support to the injury of a building entitled thereto, is liable for such injury without reference to the question of negligence or want of skill.  1 *C. J.* 1216, § 39.

In the case of a building, or structure, which has been erected for more than twenty years, the owner has, in contemplation of law, the right of security against excavation upon the adjoining land after that period, the same as if one person had been, originally, the owner of both parcels, and granted one with the express right of erecting buildings upon it or near the line as the grantee might choose, and that they should not be injured or affected by erections or excavations upon the other, and had granted that other, subject to the terms in the deed for the former.  *Stimmel v. Brown,* 7 *Houst.* 223, 30 *Atl.* 996; *O'Daniel v. Bakers' Union,* 4 *Houst.* 488; *Washburn, Easements* (1873) *436 *437; *Dalton v. Angus,* L. R. 6 *App. Cas.* 740; *Rogers v. Taylor,* 2 *Hurl. & N.* 828; *Hide v. Thornborough,* 2 *C. & K.* 250; 1 *R. C. L.* 387, *22.

The measure of damages is what it would have cost the plaintiff, at the time when the suit was brought, to restore his property to as good a condition, and as good a state of protection by lateral support, as it had before the excavation was made. *Stimmel v. Brown,* 7 *Houst.* 225, 30 *Atl.* 996.

### SPECIAL PRAYERS FOR DEFENDANTS.

The owner of land adjoining land upon which there is a building or other structure may lawfully  excavate on his own land and to the line of his land, although he injures such structure.

Where an adjoining owner is occupying his lot and aware of the circumstances from the progress of the work, notice of the excavation need not be given to him. *Jamison v. Myrtle Lodge No. 335*, 158 *Iowa* 264, 139 *N. W.* 547; 1 *Cyc.* 1218; *Novotny v. Danforth*, 9 *S. D.* 301. 412, 68 *N. W.* 749, 69 *N. W.* 585; *Ulrick v. Dakota, etc., Co.*, 3 *S. D.* 44, 51 *N. W.* 1023.

An actionable wrong consists, not in excavating one's own land, but in allowing the lands of the other to fall in, and there must be some appreciable injury. 1 *C. J.* 1215; *Schmoe v. Cotton*, 167 *Ind.* 364-371, 79 *N. E.* 184; *Kansas City, etc., R. Co. v. Schwake*, 70 *Kan.* 141, 78 *Pac.* 431, 68 *L. R. A.* 673, 3 *Ann. Cas.* 118; *Schultz v. Bower*, 57 *Minn.* 493, 59 *N. W.* 631, 47 *Am. St. Rep.* 630; *Id.*, 64 *Minn.* 123, 66 *N. W.* 139; *Williams v. Kenney*, 14 *Barb.* (*N. Y.*) 629; *Darley & Co. v. Mitchell*, 11 *App. Cas.* (*Eng.*) 127; *Bachhouse v. Bonomi*, 9 *H. L. Cas.* 503, 11 *Reprint*, 825.

The burden of proof is on the plaintiff, and in an action for injuries to his wall or building on account of an excavation, it is incumbent on him to show that the excavation caused the injury, and that the defendant and his employes were careless or unskillful in doing the work of excavating. 1 *C. J.* 1224.

The weight of authority in America is that the right of lateral support cannot be acquired by prescription. *Gilmore v. Driscoll*, *122 Mass.* 199-207, 23 *Am. Rep.* 312.

BOYCE, J., charging the jury:

[2]   This is an appeal from a judgment of the court of common pleas rendered in an action on the case brought by Joseph Wigglesworth, the plaintiff, against Harry Brodsky and John Frank Owens, Jr., the defendants. The case is tried in this court without regard to the determination in the lower court, so that anything you may have heard about the result of the trial in the lower court you should wholly disregard. The plaintiff owns the property and dwelling house at 305 French street, in this city, and Brodsky, one of the defendants, owns the adjoining property and dwelling house at 307 French street.

The plaintiff claims that in the early part of July, 1917, Brodsky, owner, and John Frank Owens, Jr., contractor and

builder, the other defendant, were engaged in excavating Brodsky's cellar to a depth of two feet below the floor line of plaintiff's cellar and below and under the foundation wall between the two properties. That the defendants did not notify the plaintiff of their intention to excavate the cellar, and that the same was so carelessly and negligently done that the cellar wall between the properties settled, thereby causing damage to the walls and other parts of the plaintiff's dwelling house above the cellar.

It is not controverted that the plaintiff's dwelling is a substantial brick house, erected more than thirty years prior to the time of said excavation, and that it was in an excellent state of repair before and úp to the time of the alleged injuries. The plaintiff claims damages by reason of the alleged negligence of the defendants to the extent of $600.

The defendants concede that the excavation complained of was made at or about the time claimed by the plaintiff, but they contend that the work of lowering the cellar, and of protecting the cellar wall between the two properties by stone and concrete, was done in a reasonably careful, and skillful manner, and that the plaintiff has not suffered any injury or damage because of the excavation.

The allegations of negligence are, in substance, that the defendants (1) carelessly and negligently and without regard to the rights of the plaintiff did dig down and under the foundations of plaintiff's property, without notice or knowledge of the plaintiff of such digging, and by means of said negligence and carelessness of the defendants the walls of the plaintiff's dwelling settled and plaintiff's property was damaged thereby; (2) that in digging out the earth and removing the same near to and under the cellar or foundation wall, it was the duty of the defendants to use ordinary care and skill in the excavation and removing of earth to prevent injury to the dwelling house of plaintiff; but that the same was negligently and carelessly done, so as to cause injury to plaintiff's dwelling; (3) the third and fourth counts are similar and charge, in substance that the defendants negligently and carelessly dug down near to and under said cellar wall without first having given due and proper notice, and thereby said plaintiff had no notice

and no opportunity to protect his propery from damage from said digging. The fifth count avers that plaintiff's dwelling house had remained upon said premises for more than a period of twenty years prior thereto, to wit, for the period of thirty years, and that the plaintiff was entitled to have his dwelling house supported by the earth and soil contiguous and near to and under his dwelling house, and he charges in effect that the defendants knowing the premises, negligently and improperly and without leaving any proper support did dig near to and under the walls of plaintiff's dwelling house and did remove certain of the earth and soil contiguous to and under his dwelling house, and did thereby deprive his dwelling house of a certain part of the support thereof to which said premises were entitled.

[3] There is uncontradicted evidence in this case that the dwelling house in which the plaintiff resided at the time of the alleged injuries had been standing upon the lot on which it was erected for more than 20 years, and the court is requested to charge you in substance that the plaintiff, owner of the house, has in contemplation of law, the right of security against excavation upon the adjoining land after that period; that is, after a period of 20 years, and he cites, in support of his request, *Stimmel v. Brown*, 7 *Houst.* 219, 223, 30 *Atl.* 996. As it has been said, it is difficult to see how the owner of a house can acquire by prescription a right to have it supported by the adjoining land, inasmuch as he does nothing upon, and has no use of that land, which can be seen or known or interrupted or sued for by the owner thereof. *Gilmore v. Driscoll*, 122 *Mass.* 199, 207, 23 *Am. Rep.* 312. The weight of American authority appears to be contrary to the Stimmel Case. The rule laid down in that case should not be extended to a cellar wall, whether the wall be a party wall, or two separate abutting walls (as claimed in this case), between the adjoining houses supported by such wall.

It is the opinion of the court that the principles of law announced in the case of *Moore v. Anderson*, 5 *Boyce* 477, 480, 94 *Atl.* 771, are applicable to the facts of this case, and for the most part the court will charge you in the language of that case.

[4]   An owner of land adjoining land upon which there is a building or other structure may lawfully excavate on his own land, and to the line of his land, or deepen an existing cellar, although he endangers such structure. This general right to excavate, however, does not relieve an owner of the excavated land from taking reasonable precautions against injuring the adjoining building, and it is his duty to proceed with the excavation in an ordinarily skillful and careful manner, but he is bound to use only reasonable and ordinary care to prevent injuring the building. What is ordinary care and skill in the excavating and attendant work, in each case, depends upon the circumstances of that particular case.

[5]   The duty of a landowner, who intends to excavate on his own land, to proceed with due care and caution, ordinarily requires that he should notify the adjoining landowner of his intention and thus afford the latter an opportunity of protecting his buildings and structures from apprehended injury. The duty of giving such notice is a reasonable requirement to insure care and caution, and to afford opportunity to the adjoining owner to protect his property. However, whether the excavator's failure to give notice to the adjoining landowner of his intention to excavate, would be the want of ordinary care and prudence in and about his work of excavating, is for the jury to determine, from all the facts and circumstances of each particular case.

[6]   It is not denied that the plaintiff was occupying his property at the time the alleged excavation was made. If you find that the plaintiff did not receive from the defendants formal notice of their intention to make the excavation, yet you may consider whether from all the evidence the plaintiff had, in fact, knowledge of the progress of the excavation, in time to afford him an opportunity to protect his property.

[7]   The notice should be sufficient to bring to him (the adjoining owner) full knowledge of the intended excavation in time and at a time, to enable him to protect his property. If, after such notice, the owner of the adjoining land neglects to take proper precaution for the protection of his building, the owner who has given the notice is nevertheless bound to prosecute the excavation and attendant work in a reasonably careful and skillful

Charge.

manner, and, 'if he does so, he is not liable for damages to the adjacent building; but he is so liable, notwithstanding such notice, if he thereafter conducts the excavating and attendant work in a careless and unskillful manner.

[8]   If you are satisfied from the evidence that the plaintiff was not notified of the intended excavating and did not have knowledge thereof in time and at a time, for him to take proper precautions to protect his building from apprehended injury, you may take that into consideration, with all the other facts and circumstances of the case, in determining whether they did prosecute the work with due care and caution.

If you should be satisfied that the plaintiff was notified of the intended excavating, or that he, in fact, had knowledge thereof in time and at a time to allow him to take the necessary precautions to prevent injury to his building, and he did not take any such precautions, nevertheless, if you further believe that the defendants, after giving such notice, or after such knowledge, did not do their work in an ordinarily careful and skillful manner, under all the conditions and circumstances of this case, and thereby caused the injuries to the building complained of, plaintiff would be entitled to recover.

If you should be satisfied from the evidence that the injuries to the building complained of were not caused by said excavation, but by some other means, then your verdict should be for the defendants.

[9]   This action is based upon the alleged negligence of the defendants; that is, upon their alleged failure to use that degree of care and skill in the prosecution of their work of excavating, such as, under all the circumstances of this case, an ordinarily prudent and careful person would have used to prevent injuries to the adjoining property.   Negligence is never presumed, but must be proved; and the burden of proving it rests upon the plaintiff.

[10]   Where, as in this case, the testimony is conflicting, you should reconcile it if you can, but if you cannot do so, you should accept as true that part of it which you deem most worthy of credit, and reject that part of it which you deem least worthy of credit, having due regard to the opportunity and capacity of the

witnesses to know the things of which they testified, and also their apparent fairness or bias in giving their testimony. You are the sole judges of the credibility of the witnesses, and of the weight and value of their testimony.

Your verdict should be for that party in whose favor is the preponderance or greater weight of the evidence.

[11]  If you should find for the plaintiff, you should award him such a sum by way of damages as you believe, under the evidence, he has sustained; and in determining the amount you should take into consideration all the evidence before you in relation to the cost of making the repairs of the injuries sustained at or about the time the injuries occurred.

Verdict for plaintiff.