Syllabus.

CHARLES W. SCHAGRIN, d. b. a., *vs.* EDWARD S. BACON and MARGERET BACON, his wife, p. b. r.

1. COURTS—STATUTE CONSTRUED TO APPLY ONLY TO RIGHT OF APPEAL TO SUPERIOR COURT AND MANNER OF EXERCISING IT.

Act Gen. Assem. April 24, 1917 (29 Del. Laws, c. 250) § 8, providing for an appeal from the common pleas court of New Castle county to the Superior Court of New Castle county in the same manner as is now provided for taking appeals from courts of justices of the peace, provides only for the right of appeal and the manner of exercising it and has no reference to the retrial of the case in the Superior Court so as to authorize the filing of a pro narr. in the Superior Court under rule 30, authorizing the filing of a pro narr. in the Superior Court on appeals from a justice of the peace.

2. COURTS—TRIAL OF AN APPEAL FROM COMMON PLEAS COURT IN SUPERIOR COURT IS A TRIAL DE NOVO.

Trial of an appeal from the common pleas court in the Superior Court is a trial de novo and is governed by the same rules of practice that apply in the Superior Court, and a declaration should follow the common-law form.

3. COURTS—RULES OF PRACTICE OF THE SUPERIOR COURT DO NOT APPLY TO APPEALS TO SUCH COURT.

Rule 30 of the Superior Court Rules, authorizing filing of a pro narr in the Superior Court in appeals from the courts of justices of the peace, and prohibiting their use in any other case, applies to the procedure in the Superior Court, and has no bearing on the rights of appeal from the court of common pleas or the manner of entering it in the Superior Court.

*(December* 1, 1921).

RICE and HARRINGTON, J. J., sitting.

*P. Warren Green* for plaintiff below, respondent.

*Aaron Finger* for defendant below, appellant.

Superior Court for New Castle County, November Term, 1921.

Appeal from Court of Common Pleas, No. 295, September Term, 1921.

Demurrer to declaration. Demurrer sustained.

The plaintiff filed a pro narr. in an appeal from the court of common pleas. The defendant demurred because the declaration was drawn in the form of a pro narr., and not according to the common-law form.

HARRINGTON, J., delivering the opinion of the court:

*Chapter* 250, *vol.* 29, *Laws of Delaware*, creates the court of common pleas for New Castle county. Being purely a statutory court, in the absence of an express provision, giving the right of appeal, its decisions would be final; but *section* 8 of the act creating it provides:

"From any order, ruling, decision or judgment of said court, the aggrieved party shall have the rights of appeal or certiorari, to the Superior Court of New Castle county, in the same manner as is now provided by law as to causes tried before justices of the peace."

*Sections* 4035 and 4036, *Rev. Code*, 1915, provide for the manner of taking appeals from a justice of the peace to the Superior Court. They require the appellant to give security within a specified time and to enter a duly certified transcript of the docket entries of the justice in the office of the prothonotary of the Superior. Court of the county where the judgment was given, on or before the first day of the term next after the appeal. Rule 30 of the Superior Court Rules authorizes the filing of pro narrs. in the Superior Court in appeals from a justice of the peace; expressly providing, however, that they shall not be received in any other case.

The contention of the defendant is that, as this rule was in force at the time of the passage of the act creating the court of common pleas, one of the rights of appeal from that court to the Superior Court is the right to file a pro narr. in the Superior Court as in appeals from a justice of the peace.

[1-3] It is manifest that section 8 of the Common Pleas Act was merely intended to provide for the right of appeal to the Superior Court and for the manner of exercising it, and that it had no reference to the procedure relating to the retrial of the case in the Superior Court. The trial of the appeal in the Superior Court is a trial de novo (*Wigglesworth v. Brodsky et al.*, 7 *Boyce*, 586, 110 *Atl.*, 46), and must therefore be governed by the same rules and practice that apply in the Superior Court. Rule 30 of the Superior Court Rules merely applies to the procedure in that court and has no bearing whatever on either the right of appeal from the

court of common pleas or the manner of entering it in the Superior Court.

It follows that the declaration in this case should follow the common-law form and that a pro narr. is improper. The demurrer is, therefore, sustained.

NOTE:—After the decision of this case, *Rule* 30 of the Superior Court was amended to read as follows:

Rule 30.  Pro narrs. shall not be received in any case, except in appeals from the court of common pleas for New Castle county and justices of the peace.