HARRY B. DONALDSON, d. b. a. *vs.* CARROLL W. GRIFFITH, p. b. r

*(October* 13, 1925.)

RODNEY, J., sitting.

*Alexander Jamison* for plaintiff.

*John B. Jester* and *Horace* G. *Eastburn* for defendant.

Superior Court for New Castle County, May Term, 1925. No. 81, May Term, 1925.

RODNEY, J., delivering the opinion of the court:

It is readily apparent from even a casual inspection of any digest that the authorities seem almost uniform in holding that when a set-off, pleaded by a defendant, exceeds in amount the claim of the plaintiff, that such defendant may obtain a judgment in his favor for such excess. This marked unanimity is, in itself, misleading, for the whole subject of set-off is of statutory origin, and no case is of any value without a knowledge of the statute on which it is founded.

Set-off was entirely unknown to the common law, and a creditor might sue and recover from a debtor while he himself was a debtor to the defendant, and the two claims were not considered in the same action.

The first general statute of set-off was adopted in England by 2 George II, *Chapter* 22 (1729), and made perpetual by 8 George II, *Chapter* 24. While this statute did not apply in the counties now comprising the state of Delaware, our own Assembly, in 13 George II (1740), for the purpose "of avoiding numerous suits at law" adopted the spirit of the English Act by enacting:

"That if two men, dealing together, be indebted to each other, upon bonds, bills, bargains, and the like, the defendant may, in his plea and answer to the plaintiff's declaration, acknowledge the debt which the plaintiff demands from him, and defalk what the plaintiff is indebted to him, the said defendant." *Laws of Delaware, vol.* 1, *p.* 162.

This statute remained in its original form many years, and so appears in the Code of 1829, at *Page* 111.. The first and only change was made in the Code of 1852, *Page* 380, when the statute of set-off received its present wording:

"Mutual debts between parties to an action due, at the time of action brought, in the same right, and being for a sum liquidated, or which can be ascertained by calculation, may be the subject of set-off in such action." *Revised Code* 1915, § 4188.

Having in mind the status of the common law before the passage of any act of set-off, namely, the fact that any defendant having an independent claim against the plaintiff was compelled to bring a separate suit against the plaintiff for its recovery, I am unable to see in the foregoing Delaware act any intention to allow anything more than a deduction from or abatement of the plaintiff's claim. I find nothing in the statutes to warrant the construction that, upon a plea of set-off interposed by a defendant, if the claim of such defendant exceeds that of the plaintiff in amount, such defendant becomes, in effect, a plaintiff and is entitled to an affirmative judgment. In England the defendant was entitled to no such judgment, and if the claim of the defendant exceeded the claim of the plaintiff, such excess was recovered in an independent suit. *Hennell v. Fairland,* 3 *Espinasse,* 104. Practically no American case allows an affirmative judgment for the defendant unless such judgment was expressly provided for by statutory enactment. Many cases hold that in the absence of such statutes the affirmative judgment in favor of the defendant could not have been given. *Brazelton v. Nashville, etc. R. Co.,* 3 *Head (Tenn.)* 570; *Edington v. Pickle,* 1 *Sneed (Tenn.)* 122; *Good v. Good,* 9 *Watts (Pa.)* 567; *Nolin v. Blackwell,* 31 *N. J. Law* 170, 86 *Am. Dec.* 206; *Boor v. Wilson,* 48 *Md.* 305.

It is, however, suggested that *Loscolzo v. Eggner,* 23 *Del.* (7 *Penn.*) 260, 78 *A.* 607, justifies an affirmative judgment for the defendant. In that case the defendant had pleaded a set-off to the claim of the plaintiff, and the court charged the jury:

"If you find that the amount due to the defendant exceeds the amount due to the plaintiff, your verdict should be for the defendant for such excess."

This was followed by a verdict for the defendant for $11.

An examination of the cited case, however, discloses that it was an appeal case from a justice of the peace. That fact, due to the statutory provisions applicable only to the justice's courts, distinguishes that case from the present one, and makes the conclusion reached in the cited case entirely proper.

The pertinent portions of *Section* 4014, *of the Revised Code of* 1915, applicable to the plea of set-off before a justice of the peace, provide:

"In every action before a justice of the peace, within his jurisdiction, it shall be incumbent on the defendant, if he has against the plaintiff any account, demand, or cause of action, cognizable before a justice of the peace, to bring it forward and plead it as a set-off; and the justice shall enter on his docket the nature and amount of such counterclaim; and any defendant, neglecting to do so, shall, if the action against him be prosecuted to judgment, lose such account, demand, or cause of action, and be forever barred from recovering the same."

It will be seen from this statute that the pleading of a set-off is compulsory before a justice of the peace, or the defendant will be forever barred from recovering his claim. This provision is no new one in the law. It has existed in Delaware in substantially its present form, at least since 1792. *Laws of Delaware, vol.* 2, *p.* 1043; *vol.* 6, *p.* 440; *Code* 1829, *p.* 335; *Code* 1852, *p.* 342.

*Section* 4036 *of the Revised Code of* 1915 governs appeals in the Superior Court from the decisions of a justice of the peace. It provides, inter alia, that:

"In the appeal each party may make demands against the other, and the jury by their verdict may find a sum either for plaintiff or defendant."

This is contrary to other actions in the Superior Court. The act, where a set-off is pleaded before the justice, in effect, makes both parties plaintiff on the appeal; the original plaintiff for his demand, and the defendant for his set-off. This was the precise holding in *Prettyman v. Waples*, 4 *Harr.* 299. In that case—an appeal from a justice of the peace—a set-off being pleaded by the defendant, it was held that such defendant became so much of a plaintiff that the original plaintiff could not discontinue the suit, and the defendant recovered a judgment substantially exceeding the claim of the plaintiff.

Under the foregoing express statutory authority, I am of the opinion that in an appeal from a justice of the peace, the defendany may recover an affirmative judgment under a plea of set-off, where such set-off exceeds the plaintiff's claim.

■■ The present case, however, is an appeal from the court of common pleas. The foregoing statutory provisions relating to the justice of the peace, or appeals therefrom, are not applicable, and this matter is to be determined as if originally begun in the Superior Court.

It is true that *Section 3763h of the Revised Code of* 1915, found in *Volume* 33, *Laws of Delaware, p.* 648, concerning the court of common pleas, provides:

"From any order, ruling, decision or judgment of said court, the aggrieved party shall have the right of appeal or *certiorari*, to the Superior Court of New Castle County in the same manner as is now provided by law, as to causes tried before justices of the peace."

In *Schagrin v. Bacon*, 31 *Del.* (1 *W. W. Harr.*) 501, 115 *A.* 364, it was held that this section—

"was merely intended to provide for the right of appeal to the Superior Court and for the manner of exercising it, and that it had no reference to the procedure relating to the retrial of the case in the Superior Court."

The court of common pleas is of statutory origin, being authorized by *Chapter* 250 *of Volume* 29, *Laws of Delaware*. Within a certain jurisdictional limitation as to amount involved, it is given "concurrent jurisdiction" with the Superior Court. I find no indication in the statute that the court of common pleas is invested with any broader powers with reference to an affirmative judgment on a plea of set-off than is possessed by the Superior Court, which powers have been already discussed.

I am of the opinion that in an appeal from the court of common pleas, or in a case originally instituted in the Superior Court, where a set-off is pleaded by the defendant which exceeds in amount the claim of the plaintiff, that such defendant is not entitled, under existing statutory enactments, to a judgment for such excess.

It may not be inappropriate to say that I should have preferred to have reached a different conclusion. Many reasons sug-

gest themselves, such as the avoidance of a multiplicity of suits, which would render a different determination more consonant with the trend of modern conditions. It is, however, the duty of this court to pronounce the law as it is, leaving the adoption of desirable statutory changes to that branch of the state government to which such changes are committed by the constitution.